IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 2:10-CR-00211-GEB-7 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER RE: PROPOSED TRIAL |
| | ) | DOCUMENTS |
| JOHN SMITHSON, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Attached are voir dire questions, preliminary jury instructions, and a verdict form.

Dated:  January 30, 2012

GARLAND E. BURRELL, JR.
United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA


UNITED STATES OF AMERICA,                2:10-cr-0211-GEB

      Plaintiff,                    <u>VOIR DIRE</u>

   v.

JOHN C. SMITHSON,

      Defendant.
_____/

     Thank you for your presence and anticipated cooperation in the jury selection questioning process we are about to begin. This process concerns the right to a trial by jury, which is a right that the founders of this nation considered an important component of our constitutional system.

     The court personnel who will assist me in this trial are on the platform below me. The Courtroom Deputy is Shani Furstenau. She is on the platform below me on my left side. Next to her is the Certified Court Reporter, Kimberly Bennett.

1

We are about to begin what is known as voir dire. The purpose of voir dire is to ascertain whether you can be a fair and impartial juror on this case. Near or at the end of the process, each party can use a certain amount of what is called a peremptory challenge, which excuses a potential juror from sitting as a juror on this case. A potential juror can also be excused for other reasons.

1.   Ms. Furstenau, please administer the oath to the panel.

2.   Counsel, the Jury Administrator has already randomly selected potential jurors and placed their names on the sheet that has been given to each party in the numerical sequence in which they were randomly selected. Each juror has been placed in his or her randomly-selected seat.

3.   I will ask a series of questions to the jurors as a group. If you have a response, please raise your hand or the number you've been given, which reflects your seat number. Generally, you will be given an opportunity to respond in accordance with the numerical order in which you are seated, with the juror in the lowest numbered seat responding first. If no hand is raised, I will simply state "no response" for the record and then ask the next question. If you know it is your turn to respond to a question, you may respond before I call your name or your seat number, by stating your last name or just your seat number,

2

then your response. That should expedite the process.

      4.  This is a criminal case brought by the United States government. In this case, the indictment charges the defendant, John Smithson, with conspiring to defraud the government. The indictment against the defendant is only an accusation, nothing more. It is not evidence, and it is not proof of guilt or anything else. The defendant has pleaded not guilty to this charge. Is there anything about the allegations or about anything else I've said which causes you to feel that you might not be fair in this particular case?

      5.  The parties have informed me that the evidence argument portion of the trial should be completed in approximately three to four court days, after which the case will be submitted to the jury for jury deliberation. We will be in trial on Tuesdays, Wednesdays, and Thursdays from 9:00 a.m. to about 4:30 p.m. But as soon as you commence jury deliberations, you will be expected to deliberate every day except weekends from 9:00 a.m. to about 4:30 p.m. until you complete your deliberation. If you cannot participate as juror raise your hand.

      6.  Raise your hand if you have a belief that could make it difficult for you to decide the guilt or innocence of another person.

      7.  The attorneys for the parties in this case are now

provided the opportunity to introduce themselves and each counsel's respective client, and the United States shall <u>read</u> the names <u>of all witnesses it intends to call</u>.

8.   Raise your hand if you know or have had any interaction with any person just introduced or named.

9.   Raise your hand if you would tend to believe the testimony of a witness just because that witness is a law enforcement officer and for no other reason.

10.   Raise your hand if you would tend not to believe testimony of a witness just because that witness is a law enforcement officer and for no other reason.

11.   Have you, or has anyone close to you, ever been arrested or charged for a crime or been a defendant in a criminal case?

a.   Could what you just related have a bearing on your ability to be a fair and impartial juror in this case?

12.   Have you ever served as a juror or grand juror in the past?

a.   State whether it was a civil or criminal case, and state whether the jury reached a verdict, but do not state the actual verdict reached.

13.   Is there any reason why you would not be able to give your full attention to this case?

14.   Have you, any member of your family, or any close friend ever been employed by a law enforcement agency, including military law enforcement?

a.   Could what you just stated have a bearing on your ability to be a fair and impartial juror in this case?

15.   Do you have any difficulty with the rule of law that a person charged with a crime is presumed innocent and need not present any evidence, and that the government at all times bears the burden of proving guilt beyond a reasonable doubt?

16.   Do you have any problem with the rule of law that the defendant need not testify on his own behalf, and that if the defendant chooses not to testify that factor may not be considered by you in your deliberations?

17.   If you are selected to try this case, will you be able to render a verdict solely on the evidence presented at the trial?

18.   If you are selected to try this case, will you be able to apply the law as I give it to you, whether or not you agree with that law?

19.   Is there any reason why you could not be a fair and impartial juror?

20. Now, I am going to ask you to put yourselves in the shoes of the lawyers and the parties in this case, and decide whether you have information that you think should be shared

before each side is given an opportunity to exercise what are called peremptory challenges.

19.   The Courtroom Deputy Clerk will give juror number 1 a sheet on which there are questions that I want each of you to answer. Please pass the sheet to the juror next to you after you answer the questions.

(a)   Your name;

(b)   Your age, and the age of your adult and/or minor children, and the present occupations of your adult children;

(c)   Your educational background; and

(d)   Your present and former occupations, and the present and former occupations of your spouse or significant other.

## PRELIMINARY JURY INSTRUCTIONS

### DUTY OF JURY

Ladies and gentlemen:  You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions.  At the end of the trial I will give you more detailed instructions.  Those instructions will control your deliberations.

It will be your duty to decide from the evidence what the facts are.  You, and you alone, are the judges of the facts.  You will hear the evidence, decide what the facts are, and then apply those facts to the law which I will give to you.  That is how you will reach your verdict.  In doing so you must follow that law whether you agree with it or not.  The evidence will consist of the testimony of witnesses, documents, and other things received into evidence as exhibits and any facts on which the lawyers agree or which I may instruct you to accept.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

**RULES FOR CRIMINAL CASES**

As you know, this is a criminal case.  There are three basic rules about a criminal case that you must keep in mind.

First, the defendant is presumed innocent until proven guilty.  The indictment against the defendant brought by the government is only an accusation, nothing more.  It is not proof of guilt or anything else.  The defendant therefore starts out with a clean slate.

Second, the burden of proof is on the government until the very end of the case.  The defendant has no burden to prove his innocence, or to present any evidence, or to testify.  Since the defendant has the right to remain silent, the law prohibits you in arriving at your verdict from considering that the defendant may not have testified.

Third, the government must prove the defendant's guilt beyond a reasonable doubt.  I will give you further instructions on this point later, but bear in mind that in this respect a criminal case is different from a civil case.

**WHAT IS NOT EVIDENCE**

The following things are *not* evidence, and you must not consider them as evidence in deciding the facts of this case:

1. Statements and arguments of the attorneys.

2. Questions and objections of the attorneys.

3. Testimony that I instruct you to disregard.

4. Anything you may have seen or heard when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

**EVIDENCE FOR LIMITED PURPOSE**

Some evidence is admitted for a limited purpose only.  When I instruct you that an item of evidence has been admitted for a limited purpose you must consider it only for that limited purpose and for no other.

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.  You are to consider both direct and circumstantial evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

## RULING ON OBJECTIONS

There are rules of evidence which control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence which I told you to disregard.

### BENCH CONFERENCES AND RECESSES

From time to time during the trial it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.   the opportunity and ability of the witness to see or hear or know the things testified to;

2.   the witness' memory;

3.   the witness' manner while testifying;

4.   the witness' interest in the outcome of the case and any bias or prejudice;

5.   whether other evidence contradicted the witness' testimony;

6.   the reasonableness of the witness' testimony in light of all the evidence; and

7.   any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

**Conduct of the Jury**

I am now going to give you jury admonitions that you must remember.  When we take recesses I will reference these admonitions by telling you to remember the admonitions or something similar to that.  You are required to follow these admonitions whether or not I remind you to remember them:

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family

9

and your employer that you have been seated as a juror in the case.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings.

If any juror is exposed to any outside information, please notify the court immediately.

**NO TRANSCRIPT AVAILABLE TO JURY**

At the end of the trial you will have to make your decision based on what you recall of the evidence.  You will not have a written transcript to consult, and it is difficult and time consuming for the reporter to read back lengthy testimony.  I urge you to pay close attention to the testimony as it is given.

**TAKING NOTES**

If you wish, you may take notes to help you remember what witnesses said.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  And do not let note taking distract you so that you do not hear other answers by witnesses.  When you leave at night, your notes should be left on your chair and the courtroom deputy will lock them up over night.

Whether or not you take notes, you should rely on your own memory of what was said.  Notes are only to assist your memory. You should not be overly influenced by the notes.

**OUTLINE OF TRIAL**

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine. Then, the defendant may present evidence and counsel for the government may cross-examine.

After the evidence has been presented, the attorneys will make closing arguments and I will instruct you on the law that applies to the case.

After that, you will go to the jury room to deliberate on your verdict.

1
2
3
4                 IN THE UNITED STATES DISTRICT COURT
5              FOR THE EASTERN DISTRICT OF CALIFORNIA
6
UNITED STATES OF AMERICA,     )   CR. No. S-10-211 GEB
7                             )
                 Plaintiff,    )   VERDICT FORM
8                             )
            v.                )
9                             )
JOHN SMITHSON,                )
10                            )
                 Defendant.    )
11 _____)
12      WE, THE JURY, FIND THE DEFENDANT, JOHN SMITHSON, AS FOLLOWS:
13 AS TO COUNT SIX:
14          NOT
   GUILTY   GUILTY
15
   _____   _____              Conspiracy to Defraud the United
16                              States, in violation of Title 18,
                                United States Code, Section 286
17
18
19 DATE:        , 2012          _____
                                FOREPERSON
20
21
22
23
24
25
26
27
28